986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
George Michael MALONE, a/k/a Mike Malone, Defendant-Appellant.
 No. 92-5047.
 United States Court of Appeals, Tenth Circuit.
 Jan. 26, 1993.
 
 Before TACHA and BALDOCK, Circuit Judges, and SAFFELS, District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Mr. Malone appeals his conviction and the district court's order denying his Motion for Judgment of Acquittal and For New Trial. Malone was convicted of armed bank robbery in violation of 18 U.S.C. § 2113 and of knowingly using a firearm in the commission of a violent crime in violation of 18 U.S.C. § 924(c)(1). On appeal, he contends that: (1) the district court erred by refusing to suppress evidence obtained in a warrantless search; (2) the district court failed to adequately answer a jury question; and (3) the evidence was insufficient to support the conviction. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 2
 First, Malone argues that the district court erred by denying his motion to suppress evidence of $10,000 discovered during a warrantless search. The police obtained consent to search a car from Malone's mother-in-law, Mrs. Miller. The car was registered to her and although she had agreed to trade cars with Malone, she had not yet signed over title of the car to Malone. During the search, the police found an air filter box in the car and obtained Mrs. Miller's consent to search the box where they found the $10,000. The district court concluded that Malone had failed to establish that he owned either the car or the box, or that he had an expectation of privacy in the box under the circumstances. We find that the district court's conclusions were not clearly erroneous, see United States v. Gay, 774 F.2d 368, 375 (10th Cir.1985), and affirm for substantially the reasons given by the district court.
 
 
 3
 Second, Malone contends that a jury question sent out during deliberations was ambiguous and the district court judge should have asked the jury to clarify its question and provided supplemental instruction based on that clarification. The jury asked: "Can we convict the defendant on the full Count One without the knowledge the weapon was a true firearm?" The judge conferred with counsel for both sides about whether to seek clarification from the jury because it was unclear whose knowledge they were asking about. The judge and counsel agreed not to seek clarification and gave the court gave the following response: "Based on the instructions and the evidence in the case, to find the defendant guilty of Count One ... you've got to determine, beyond a reasonable doubt, that a firearm was involved." Because the judge's response was not objected to below, we review for plain error. United States v. McDonald, 933 F.2d 1519, 1524 (10th Cir.), cert. denied, 112 S.Ct. 270 (1992). We find no error. The judge properly conferred with counsel and simply referred the jury back to the evidence and initial instructions. There is no allegation that the initial instructions regarding elements of the offenses and the definition of a firearm were inadequate.
 
 
 4
 Finally, Malone contends that the evidence was insufficient to prove that the object used during the robbery was a firearm. To review the sufficiency of the evidence supporting a criminal conviction, we examine the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). "If substantial evidence supports the verdict, it cannot be set aside." United States v. Leach, 749 F.2d 592, 600 (10th Cir.1984). A firearm was never recovered, but three eyewitnesses testified that the robber had an automatic handgun and, although one thought it might have been fake, another testified that it looked real and not plastic. We find sufficient evidence to support the conviction.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3